[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OP DECISION RE #118 AND #121
The defendant moved to disqualify plaintiff's counsel citing the following reasons: that she consulted with various members of counsel's law firm; that she was a witness in a civil action brought against her husband and was excused from trial by counsel; that counsel's law firm represented the parties in connection with the purchase of real property in 1989 and its refinancing in 1996.
The court heard testimony from the defendant and Attorney Irving Perlmutter with regard to these transactions. The issue regarding disposition of the real property is contested. The court finds that Attorney Perlmutter's law firm is in possession of the files concerning the purchase and financing of the marital property. As such, it is privy to information regarding the defendant's financial affairs. Attorney Perlmutter could not recall the information in these files.
Rule 1.9(2) of the Professional Rules of Conduct states:
 A lawyer who has formerly represented a client in a matter shall not thereafter:
 (1) Represent another person in the same or a substantially related manner in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
 (2) Use information relating to the representation to CT Page 3619 the disadvantage of the former client except as rule 1.6 would permit with respect to a former client or when the information has become generally known.
The fact that Attorney Perlmutter does not recall the contents of the real estate files leaves open the possibility that information disadvantageous to Mrs. Hermes could be in the file. As a result, the lawyers in Attorney Perlmutter's firm are similarly disqualified pursuant to Rule 10(a) of the Rules of Professional Conduct. That rule states:
 (a) While lawyers are associated in a firm, none of them shall represent a client when any one of them practicing alone would be prohibited by Rules 1.7, 1.8(c), 1.9 or 2.2.
For the foregoing reasons, the court grants the motion to disqualify Attorney Perlmutter and the members of his law firm.
SANDRA VILARDI LEHENY, J.